| | |
|---|---|
| KIMBERLY BIGGS, in her individual capacity and as lawful guardian *ad litem of L.B.*, and L.B., <br><br> Plaintiffs, <br><br> v. <br><br> EDGECOMBE COUNTY PUBLIC SCHOOL BOARD OF EDUCATION; JOHN FARRELLY, Superintendent of Edgecombe County Public Schools, in his official capacity; MARC WHICHARD, Assistant Superintendent and Title IX Coordinator of Edgecombe County Public Schools, in his official capacity; CRAIG HARRIS, Southwest Edgecombe High School Principal, in his official capacity; BILLY STROTHER, Southwest Edgecombe High School Principal, in his official capacity; ALAINA RITTER, Southwest Edgecombe High School Teacher, ALYSSA PARRISH-STAFFORD, Southwest Edgecombe High School Teacher, DARA HARMON, Southwest Edgecombe High School Media Coordinator, in her official capacity, MILES STAFFORD, Edgecombe County Public School Teacher, in his official capacity; and REBECCA SUGG, Southwest Edgecombe High School Counselor, in her official capacity, <br><br> Defendants. | **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT FARRELLY'S MOTION TO DISMISS** <br> **L.R. 7.1(e), 7.2** |

Defendant Superintendent John Farrelly ("Superintendent Farrelly"), by and through counsel and pursuant to Local Civil Rules 7.1(e), 7.2, E.D.N.C., submits this Memorandum of Law in support of his Motion to Dismiss Plaintiffs' Amended Complaint. For the following

reasons, Superintendent Farrelly respectfully requests that the Court dismiss all of Plaintiffs' claims against him with prejudice.

## STATEMENT OF THE CASE

Plaintiffs Kimberly Biggs and L.B. (herein "Plaintiff Biggs" and "L.B.") filed a lawsuit against Defendant Edgecombe County Board of Education ("Board"), Superintendent John Farrelly and several other Board employees on November 1, 2016. (DE 1.) Plaintiffs amended their complaint prior to service on January 19, 2017. (DE 10.) Plaintiffs served the Board and Superintendent Farrelly with the Amended Complaint on January 23, 2017, and they were allowed an extension of time up through March 6, 2017, to answer or otherwise respond to Plaintiffs' Amended Complaint. (DE 13, 20.) The Board and Superintendent Farrelly timely filed a Motion to Dismiss the Amended Complaint on March 6, 2017.

## STATEMENT OF FACTS AS ALLEGED IN AMENDED COMPLAINT

Superintendent Farrelly incorporates by reference the Statement of Facts set forth in the Board's Memorandum in Support of its Motion to Dismiss (herein "Board's Memorandum"). (DE 38.) In addition to the factual recitation in the Board's Memorandum, the Amended Complaint provides the following specific allegations below pertaining to Superintendent Farrelly.

On May 26, 2016, Plaintiff Biggs submitted a grievance to Superintendent Farrelly pursuant to Board policy. (Am. Compl. ¶ 90; Exs. 17, 18.) (all paragraph references hereinafter are references to the Amended Complaint) Plaintiff Biggs's grievance contested the application of the Code of Conduct to L.B.'s behavior on the field trip, argued a different offense was applicable, disagreed with the length of L.B.'s suspension, complained of the effect the suspension had on L.B.'s ability to serve as Chief Junior Marshal, and complained of the

2

supervision on the field trip. (Am. Compl. Ex. 17.) At the June1 conference for Plaintiff Biggs's grievance, Superintendent Farrelly allegedly stated he had "'no patience' for 'parents who do not know how to file a grievance' and 'teachers who do not do their jobs,'" "intimating" that Plaintiff Biggs fell into these categories. (¶ 92.) Plaintiff Biggs further alleges that she "raised the issue of discriminatory treatment" of L.B. and that Superintendent Farrelly allegedly stated L.B. received a "light sentence." (¶ 93.) During the conference in response to Plaintiff Biggs's question regarding the removal of L.B.'s name from a presentation, Superintendent Farrelly allegedly "stated that other students did not want to associate themselves with L.B." (¶ 94.)

After submitting the grievance, Plaintiff Biggs alleges that Superintendent Farrelly "began making an unprecedented number of visits" to the school where she worked and that during these visits he "would walk down the hall" where her "classroom is located, stop outside her classroom, look inside, and then continue walking" which had the effect of intimidating her. (¶¶ 95, 96.) On June 6, Superintendent Farrelly issued a written decision pursuant to Board policy in which he denied Plaintiff Biggs's grievance. (¶ 97; Am. Compl. Exs. 9, 18.) Superintendent Farrelly acknowledged both in his grievance decision and later at the Board appeal for the grievance that Plaintiff Biggs had raised valid concerns regarding the supervision on the field trip. (¶ 113; Am. Compl. Ex. 9.) Also on June 6, Superintendent Farrelly allegedly rescinded L.B.'s nomination to Governor's School. (¶ 98.)

Plaintiffs also allege Superintendent Farrelly failed to train staff on how to investigate potential student-on-student sexual harassment and non-discrimination requirements and that such failure constitutes deliberate indifference. (¶¶ 153, 193, 223.) They further allege Superintendent Farrelly had a "duty to develop and enforce regulations" to ensure student safety and supervision and to train staff on these topics. (¶¶ 225, 226, 228.) In addition, they allege

3

Superintendent Farrelly failed to follow the grievance procedure in rescinding L.B.'s Governor's School nomination. (¶154.) Plaintiffs further allege of Superintendent Farrelly and the other individual defendants that "[t]he acts and omissions described in this Complaint [sic] were committed by these public school employees in the course of the employees' duties as public school employees" (¶ 9.)

## STANDARD OF REVIEW

Superintendent Farrelly incorporates by reference the Standard of Review set forth in the Board's Memorandum regarding the applicable standard of review under Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure.

## ARGUMENT

**I.  Plaintiff L.B.'s claims should be dismissed against Superintendent Farrelly for lack of capacity.**

Superintendent Farrelly incorporates by reference the Argument (Part I) in the Board's Memorandum of Law that the claims brought against him on behalf of L.B. should be dismissed for a failure to show that Plaintiff Biggs has the capacity to bring claims on L.B.'s behalf. However, even if the Court were to find sufficient allegations of capacity for Plaintiff Biggs to bring claims on behalf of L.B., the claims brought by L.B. or on her behalf against Superintendent Farrelly should be dismissed for the reasons set forth in the remainder of this memorandum.

**II.  Plaintiffs' official capacity claims alleged against Superintendent Farrelly pursuant to Title IX in Counts I-IV should be dismissed for failure to state a claim and as duplicative of claims against the Edgecombe County Board of Education.**

Plaintiffs attempt to allege Title IX claims against Superintendent Farrelly in his official capacity only. Superintendent Farrelly incorporates by reference the Argument (Part II-IV) in

4

the Board's Memorandum that Plaintiffs' Title IX claims against him in his official capacity should be dismissed for failure to state claim.

To the extent any of these Title IX claims are allowed to proceed against the Board, the official capacity claim against Superintendent Farrelly should be dismissed as duplicative. Courts have repeatedly held that official-capacity suits are redundant because they are merely another way of pleading an action against an entity of which an officer is an agent. *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."); *Huggins v. Prince George's Cty., Md.*, 683 F.3d 525, 532 (4th Cir. 2012) (describing county as "sole defendant" for claim where the individual defendants had been named in their official capacity for the claim). "Suing a governmental employee in his 'official' capacity is simply another way of pleading an action against the governmental entity." *Davis v. Durham Mental Health Developmental Disabilities Substance Abuse Area Auth.*, 320 F. Supp. 2d 378, 399 (M.D.N.C. 2004) (dismissing official capacity claims against individual defendants where the governmental entity was also sued). Because Plaintiffs have brought identical claims against both Superintendent Farrelly in his official capacity and the Edgecombe County Board of Education under Title IX, Plaintiffs' claims against Superintendent Farrelly in his official capacity should dismissed as redundant of their claims against the Board in this action.

### III. Plaintiffs' 42 U.S.C. § 1983 claim against Superintendent Farrelly in his individual capacity in Count V should be dismissed for failure to state a claim.

Plaintiffs' Section 1983 claim alleges that Superintendent Farrelly and other defendants violated L.B.'s right to equal protection and procedural due process. Superintendent Farrelly incorporates by reference the Argument (Part V) in the Board's Memorandum. Specifically, like the Board, Plaintiffs' procedural due process claim against him should be dismissed for failure to

5

state claim because Plaintiffs have failed to allege facts that would show a deprivation of a protected property interest without adequate review. In addition, as discussed below, Plaintiffs' equal protection claim alleged against Superintendent Farrelly must be dismissed because the Amended Complaint is devoid of any factual allegations specific to how Superintendent Farrelly allegedly treated L.B. differently on the basis of sex or that would make him liable as a supervisor for a subordinate's conduct.

> A. *Plaintiffs have failed to allege facts that would support a direct liability claim under Section 1983 against Superintendent Farrelly.*

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face in the sense that the complaint's factual allegations must allow a court to draw the reasonable inference that the *defendant* is liable for the misconduct alleged." *McCleary-Evans v. Maryland Dept. of Transp.,* 780 F.3d 582, 585 (4th Cir. 2015) (internal quotes omitted; emphasis added). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (holding that for a Section 1983 claim, "a plaintiff must plead that each . . . defendant, through the official's own individual actions, has violated the Constitution"). "In order for an individual to be liable under §1983, it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) (internal quotation omitted). "'Under direct liability, plaintiff must show the supervisor breached a duty to plaintiff which was the proximate cause of the injury.'" *Spell v. McDaniel*, 591 F. Supp. 1090, 1110 (E.D.N.C. 1984) (quoting *McClelland v. Facteau*, 610 F.2d 693, 695 (10th Cir.1979)).

Here, the allegations underlying Plaintiffs' equal protection claim pertain to the investigation and discipline arising from L.B.'s sexual activity on a field trip. However, there is no allegation that Superintendent Farrelly was involved in the investigation of the incident or in

6

making the decision to suspend L.B. and, as a result, there is no allegation to support that hid conduct was the proximate cause of any alleged harm. Moreover, as T.W., a male student, is alleged to have been treated the same as L.B. in terms of disciplinary infraction and consequence, (¶ 118), Plaintiffs have failed to allege any constitutional injury that L.B. was treated differently because of sex. As a result, Plaintiffs have failed to allege a claim against Superintendent Farrelly under Section 1983 on a theory of direct liability.

> *B. Plaintiffs have failed to allege facts that would support a claim of supervisory liability under Section 1983 against Superintendent Farrelly.*

To the extent that Plaintiffs attempt to make a claim of supervisory liability against Superintendent Farrelly under Section 1983, supervisory liability "ultimately is determined 'by pinpointing the persons in the decisionmaking chain whose deliberate indifference permitted the constitutional abuses to continue unchecked.'" *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994) (citing *Slakin v. Porter*, 737 F.2d 368, 376 (4th Cir. 1984)). The Fourth Circuit has identified the following as necessary elements in a supervisory liability claims:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Id.* at 799 (internal quotations omitted). In order to establish the first element involving "pervasive and unreasonable risk of constitutional injury," a plaintiff must show "the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm of constitutional injury." *Id.*

Here, the only allegation against Superintendent Farrelly with respect to Plaintiffs' Section 1983 claim is that he failed to train staff on "Title IX investigation requirements and its

7

prohibition on discriminatory discipline." (¶ 193.) However, as discussed above, Plaintiffs have alleged that L.B. was treated the same as a male student, T.W., defeating any alleged constitutional injury based on equal protection. Because Plaintiffs have failed to allege facts that would show a constitutional injury, any Section 1983 claim against Superintendent Farrelly based on a theory of inadequate training must be dismissed. *See Temkin v. Frederick Cty. Comm'rs*, 945 F.2d 716, 724 (4th Cir. 1991) ("A claim of inadequate training under section 1983 cannot be made out against a supervisory authority absent a finding of a constitutional violation on the part of the person being supervised.").

**IV. Plaintiff Biggs's Whistleblower Act claim against Superintendent Farrelly in Count VI should be dismissed for failure to state a claim.**

Superintendent Farrelly incorporates by reference the Argument (Part VI) in the Board's Memorandum that Plaintiff Biggs's Whistleblower Act claim against him should be dismissed for failure to state claim.

**V. Plaintiffs' tort claims against Superintendent Farrelly in Counts VII-XII should be dismissed because of immunity, public official immunity, quasi-judicial immunity, and failure to state a claim.**

*A. Plaintiffs' tort claims against Superintendent Farrelly in his official capacity in Counts VII, VIII, IX, X, XII, and XII should be dismissed as duplicative of claims against the Board.*

Plaintiffs' tort claims do not specify whether the claims are made against Superintendent Farrelly in his official or individual capacity.[1] Where the basis for the allegations against a public official is unclear, the North Carolina Supreme Court has stated: "we further conclude that if such clarity is lacking, *we must presume* that the defendant is being sued only in his

---

[1] Counts I-IV specify that Plaintiffs' Title IX claims against Superintendent Farrelly are made in his official capacity and Count V specifies that the Section 1983 claim is made in his individual capacity. However, Plaintiffs' remaining claims in Counts VI-XII do not specify whether Superintendent Farrelly is being sued in his official or individual capacity.

8

official capacity." *White*, 366 N.C. at 364 (emphasis added) (concluding libel claim against university department head was presumed to be an official capacity claim). *See also Dickens v. Thorne*, 110 N.C. App. 39, 46, 429 S.E.2d 176, 180 (1993) (dismissing individual capacity claims when allegations included that defendant was acting as "an officer and employee" at all relevant times). Because Plaintiffs have failed to specify in what capacity they are suing Superintendent Farrelly for these claims, their tort claims against him must be presumed to be alleged in his official capacity.

Regarding such official capacity claims, Superintendent Farrelly incorporates by reference the Argument (Part VII) in the Board's Memorandum that Plaintiffs' tort claims against him in his official capacity should be dismissed because the Board has not waived its immunity from such claims. Moreover, Plaintiffs' official capacity claims against Superintendent Farrelly fail because "sovereign immunity bars an intentional tort claim against a public official in his official capacity." *White v. Trew*, 366 N.C. 360, 363, 736 S.E.2d 166, 168 (2013). In the alternative, these official capacity claims should be dismissed as they are duplicative of those claims raised against the Board. *See Davis*, 320 F. Supp. at 399. Should the court conclude Plaintiffs have alleged tort claims in Superintendent Farrelly's individual capacity, for the reasons discussed below, any such individual capacity claims also must be dismissed for failure to state a claim.

> B. *Plaintiffs' negligence-based claims against Superintendent Farrelly in his individual capacity in Count VII, VIII, and IX should be dismissed because Superintendent Farrelly is entitled to public official immunity from such claims.*

Superintendent Farrelly is entitled to the complete defense of public official immunity regarding Plaintiffs' negligence, negligent supervision/retention, and negligent infliction of emotional distress claims. "A public official is someone whose position is created by 'the

9

constitution or statutes of the sovereignty' and who executes some portion of the sovereign power and discretion." *Dempsey v. Halford*, 183 N.C. App. 637, 640, 645 S.E.2d 201, 204 (2007) (quoting *State v. Hord*, 264 N.C. 149, 155, 141 S.E.2d 241, 245 (1965)). "[A] public official, engaged in the performance of governmental duties involving the exercise of judgment and discretion, may not be held personally liable for mere negligence in respect thereto." *Smith v. Hefner*, 235 N.C. 1, 7, 68 S.E.2d 783, 787 (1952). "As long as a public officer lawfully exercises the judgment and discretion with which he is invested by virtue of his office, keeps within the scope of his official authority, and acts without malice or corruption, he is protected from liability." *Smith v. State*, 289 N.C. 303, 331, 222 S.E.2d 412, 430 (1976). To maintain a claim against a public officer, a plaintiff must allege in the complaint that the actions of the defendant official were "corrupt, malicious, outside of and beyond the scope of his duties, in bad faith, or willful and deliberate." *Reid v. Roberts*, 112 N.C. App. 222, 225, 435 S.E.2d 116, 120 (1993) (omitting internal citations). Where the defense of public official immunity is asserted and the complaint lacks allegations to overcome such immunity, dismissal of the claims against the public officer at the motion to dismiss stage is appropriate. *See Farrell v. Transylvania Cty. Bd. of Educ.*, 175 N.C. App. 689, 697, 625 S.E.2d 128, 134 (2006).

As Superintendent of the Edgecombe County Public Schools at the time of the alleged claims, Superintendent Farrelly is a "public official" protected by public official immunity for alleged negligence-based claims. North Carolina courts have "recognized that school officials such as *superintendents* and principals perform discretionary acts requiring personal deliberation, decision, and judgment," making them subject to the doctrine of public official immunity. *Farrell*, 175 N.C. App. at 695, 625 S.E.2d at 133 (emphasis added). *See also Webb ex rel. Bumgarner v. Nicholson*, 178 N.C. App. 362, 366-67, 634 N.C. App. 545, 548 (2006) (holding

10

governmental immunity barred claim against principal from personal liability for negligence); *See Gunter v. Anders*, 114 N.C. App. 61, 68, 441 S.E.2d 167, 171 (1994), on reh'g, 115 N.C. App. 331, 444 S.E.2d 685 (1994), disc. review denied, 339 N.C. 611, 454 S.E.2d 250 (1995) (upholding dismissal of claim against principal on basis of governmental immunity). Superintendent Farrelly's alleged acts of which Plaintiffs complain—training of staff (¶¶ 153, 193, 223, 226, 228), development of regulations (¶ 225), supervision of staff (¶ 95-97), oversight of discipline, and resolution of grievances (¶¶ 90-94, 154)—are all acts requiring "personal deliberation, decision, and judgment" for which Superintendent Farrelly has public official immunity.

In addition, the Amended Complaint does not include allegations that would overcome Superintendent Farrelly's public official immunity from Plaintiffs' negligence-based claims. At most, Plaintiffs have alleged that Superintendent Farrelly made comments that intimated he was criticizing Plaintiff Biggs, that L.B. received a "light sentence," and that he made "repeated and unprecedented" visits to the school where Plaintiff Biggs worked during which he walked by and looked into her classroom. (¶¶ 92-96.) However, such conduct, even if true, is neither willful, wanton, nor malicious. *See Farrell*, 175 N.C. App. at 696, 625 S.E.2d at 134 (holding that a complaint must contain more than a conclusory allegation that a public official acted willfully and wantonly to withstand a Rule 12(b)(6) motion to dismiss). Moreover, the Amended Complaint asserts that Superintendent Farrelly was acting "within the course of [his] duties at all relevant times" further defeating any individual capacity claim. *See Collum v. Charlotte-Mecklenburg Bd. of Educ.*, No. 3:07CV534-RJC-DSC, 2010 WL 702462, at *11 (W.D.N.C. Feb. 23, 2010) (dismissing claims against principals on public official immunity grounds and noting that plaintiff alleged that the principals were acting within the scope of their employment at all

11

relevant times). Because Plaintiffs have failed to allege any facts to support a plausible conclusion that Superintendent Farrelly acted corruptly, maliciously, willfully or wantonly, Plaintiffs' individual capacity claims for negligence, negligent supervision/training, and negligent infliction of emotional distress against Superintendent Farrelly must be dismissed.

> C. *Plaintiffs' intentional tort claims against Superintendent Farrelly in his individual capacity in Counts X, XI, and XII should be dismissed for failure to state a claim.*
>
> > 1. *Plaintiffs' IIED claim in Count X against Superintendent Farrelly in his individual capacity must be dismissed for failure to state a claim.*

"To state a plausible claim for intentional infliction of emotional distress, a plaintiff must show (1) extreme and outrageous conduct by the defendant (2) which was intended to and does in fact (3) cause severe emotional distress." *Payne v. Whole Foods Mkt. Grp., Inc.*, 812 F. Supp. 2d 705, 709 (E.D.N.C. 2011), *aff'd*, 471 F. App'x 186 (4th Cir. 2012) (citing *Waddle v. Sparks*, 331 N.C. 73, 414 S.E.2d 22, 27 (1992)). "Conduct is extreme and outrageous if it is 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Id.* (quoting *Smith–Price v. Charter Behavioral Health Sys.*, 164 N.C. App. 349, 595 S.E.2d 778, 782 (2004)).

Here, the allegations in Count X do not identify any individual act by Superintendent Farrelly in support of Plaintiffs' intentional infliction of emotional distress claim. Rather, Plaintiffs attribute the offending act to the Board rather than any individual: "Defendant School District recklessly caused severe emotional distress" and "Defendant School District engaged in extreme and outrageous conduct." (¶¶ 240, 241.) At most, Plaintiffs have alleged Superintendent Farrelly made comments that were critical of Plaintiff Biggs or indicated L.B. did not receive a harsh punishment, and such comments, even if true, would not amount to extreme

12

and outrageous conduct. *See Payne*, 812 F. Supp. 2d at 709-10 (holding allegations of "unprofessional, at times even rude or contemptible" conduct and "ostracism, targeted criticism, false and anonymous accusation" did not support a plausible IIED claim). Because the Amended Complaint fails to allege any facts that would support a plausible claim that Superintendent Farrelly engaged in extreme and outrageous conduct or recklessly caused severe emotional distress, Plaintiffs' intentional infliction of emotional distress claim against him must be dismissed for failure to state a claim.

> 2. *Plaintiffs' defamation claim in Count XI against Superintendent Farrelly in his individual capacity must be dismissed for failure to state a claim.*

"In order to recover for defamation in North Carolina, a plaintiff must show that the defendant (1) made false, defamatory statements of or concerning the plaintiff, which were (2) published to a third person, (3) causing injury to the plaintiff's reputation." *Lanier Const. Co. v. City of Clinton,* N.C., 812 F. Supp. 2d 696, 700 (E.D.N.C. 2011) (citing *Boyce & Isley, PLLC v. Cooper*, 211 N.C. App. 469, 710 S.E.2d 309, 317 (2011)). Here, the allegations in Count XI do not identify any individual act by Superintendent Farrelly in support of Plaintiffs' defamation claim. Rather, Plaintiffs attribute the defamatory act to the Board rather than any individual: "Defendant School District defamed Plaintiff L.B. when, upon information and belief, it falsely communicated that L.B. was guilty of committing sexual harassment to persons other than L.B. including, but not limited to Tom Winton at the Department of Public Instruction." (¶ 248.) In addition to attributing this act to the Board, the Amended Complaint lacks any allegation that Superintendent Farrelly ever had any communication with Mr. Winton. Moreover, even if the statements of "Defendant School District" could be attributed to Superintendent Farrelly, these statements occurred in the course of carrying out his duties as superintendent and cannot serve as the basis of a defamation claim. *See Mitchell v. Pruden*, 2017 WL 16374 (N.C. App. Jan. 17,

13

2017) (concluding dismissal of libel claim against superintendent was appropriate where the alleged defamatory statements occurred in the discharge of his duties as superintendent). Because the Amended Complaint fails to allege Superintendent Farrelly made a defamatory statement to Tom Winton or attributed any other alleged defamatory statement to him, Plaintiffs' defamation claim against him must be dismissed for failure to state a claim.

> 3. *Plaintiffs' libel per se claim in Count XII against Superintendent Farrelly in his individual capacity must be dismissed for failure to state a claim.*

To state a claim for libel *per se*, a plaintiff must allege facts that would show "publication, expressed in writing or printing, or by signs and pictures which when considered alone without innuendo tends to subject one to ridicule, public hatred, contempt or disgrace, or tends to impeach one in his trade or profession." *Arnold v. Sharpe*, 296 N.C. 533, 537, 251 S.E.2d 452, 455 (1979). *See also Al-Deen v. Trustees of Univ. of N. Carolina, Wilmington*, 102 F. Supp. 3d 758, 768 (E.D.N.C. 2015) (emphasizing "[i]n order to be considered libelous *per se*, the defamatory statements at issue 'must be susceptible of but one meaning and of such nature that the court can presume as a matter of law that they tend to disgrace and degrade the party or hold him up to public hatred, contempt, or ridicule, or cause him to be shunned and avoided'" (quoting *Flake v. Greensboro News Co.*, 212 N.C. 780, 195 S.E. 55, 60 (1938)).

However, "[s]tatements made in the course of a quasi-judicial proceeding are entitled to absolute privilege." *Lanier Const. Co. v. City of Clinton, N.C.*, 812 F. Supp. 2d 696, 701 (E.D.N.C. 2011). "Quasi-judicial proceedings include the actions of public administrative officers when they 'investigate facts, or ascertain the existence of facts, and draw conclusions from them, as the basis for their official action, and to exercise discretion of a judicial nature.'" *Id.* (quoting *Angel v. Ward*, 43 N.C. App. 288, 258 S.E.2d 788, 792 (1979)). Courts have dismissed libel *per se* claims pursuant to Rule 12(b)(6) in circumstances where there was no

14

factual dispute that the statements at issue were privileged. *Id.* (dismissing defamation claim on grounds of absolute privilege where statements at issue were made in bid evaluation process). In addition, the North Carolina Supreme Court has opined that dismissal of a libel claim against a public official in his or her individual capacity is appropriate where the statement at issue was one alleged to have been made by the public official in order to comply with his or her statutory obligations. *White v. Trew*, 366 N.C. 360, 365-66, 736 S.E.2d 166, 170 (2013) ("It cannot be the case that, when state employees have statutory rights and obligations regarding the maintenance of employee records, communication in conformity with those rights and obligations constitutes publication for a libel suit."). *See also Mitchell*, 2017 WL 16374 (dismissing libel suit against superintendent regarding statements made in the discharge of his duties).

Here, Plaintiffs' allegations in Count XII do not identify any actionable individual act by Superintendent Farrelly in support of their libel *per se* claim. Rather, Plaintiffs' libel *per se* claim rests upon alleged publication to "Plaintiff K.B.; Tom Winton, Governor's School Coordinator at the Department of Public Instruction; and Leigh Ann Webb, SWE faculty member, ECPS' Leadership Academy Coordinator and the NC Department of Public Instruction" that L.B. engaged in "sexual harassment." (¶¶ 260, 262.) However, the Amended Complaint lacks any allegation that Superintendent Farrelly published any statement to Leigh Ann Webb, Tom Winton, or the Department of Public Instruction. Instead, the only alleged "publication" by Superintendent Farrelly was his grievance decision sent to Plaintiff Biggs, which was a process initiated by Plaintiff Biggs and which required components include an investigation and response by a school official. (Am. Compl. Exs. 9, 17, 18.) Any such statement by Superintendent Farrelly in the grievance process would be protected by absolute privilege because it was made in a quasi-judicial process and in accordance with his obligations

15

as superintendent. *See* N.C. Gen. Stat. § 115C-45 (addressing the judicial functions of the board of education, which include a right to appeal to the superintendent when challenging a final administrative decision). *See also Mitchell*, 2017 WL 16374   As the Amended Complaint lacks any allegations that Superintendent Farrelly made defamatory statements other than through the quasi-judicial grievance process, Plaintiffs' libel *per se* claims must be dismissed because any statements made by Superintendent Farrelly in the grievance process or in the discharge of his duties as superintendent are entitled to absolute privilege.

## CONCLUSION

For the foregoing reasons, Defendant Superintendent John Farrelly respectfully requests that this Court grant his Motion to Dismiss the Amended Complaint in its entirety, dismiss all individual and official capacity claims against him with prejudice, and grant such other relief as the Court deems just and proper.

This the 6th day of March 2017.

Respectfully submitted,

/s/ *Melissa J. Michaud*
Deborah R. Stagner (N.C. State Bar No. 24543)
Melissa J. Michaud (N.C. State Bar No. 39919)

THARRINGTON SMITH, L.L.P.
150 Fayetteville Street, Suite 1800 (27601)
Post Office Box 1151
Raleigh, North Carolina   27602-1151
Telephone:  (919) 821-4711
Fax:  (919) 829-1583
E-mail:  dstagner@tharringtonsmith.com
          mmichaud@tharringtonsmith.com
*Attorneys for Defendants Edgecombe Board of Education and John Farrelly*

# CERTIFICATE OF SERVICE

　　　　IT IS HEREBY CERTIFIED that a copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT FARRELLY'S MOTION TO DISMISS was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such to the following:

　　Stacey Gahagan
　　The Gahagan Law Firm, PLLC
　　3326 Durham Chapel Hill Blvd, Suite 210-C
　　Durham, NC 27707
　　stacey@gahaganlaw.com

　　Charles L. McLawhorn, Jr.
　　McLawhorn & Associates, PA
　　PO Box 8188
　　Greenville, NC 27835
　　cmclawhorn@mclawhornlaw.com
　　*Attorneys for Plaintiffs*

　　Donna Rascoe
　　CRANFILL SUMNER & HARTZOG, LLP
　　5420 Wade Park Boulevard, #300
　　Raleigh, NC 27607
　　drascoe@cshlaw.com
　　*Attorneys for Defendants Marc Whichard, Craig Harris, Bill Strother, Alaina Ritter, Alyssa Parrish-Stafford, Dara Harmon, Miles Stafford and Rebecca Sugg*

This the 6th day of March 2017.

　　　　　　　　　　　　　　　　　　　　/s/ *Melissa J. Michaud*
　　　　　　　　　　　　　　　　　　　　Deborah R. Stagner (N.C. State Bar No. 24543)
　　　　　　　　　　　　　　　　　　　　Melissa J. Michaud (N.C. State Bar No. 39919)
　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendants Edgecombe Board of Education and John Farrelly*
　　　　　　　　　　　　　　　　　　　　THARRINGTON SMITH, L.L.P.
　　　　　　　　　　　　　　　　　　　　150 Fayetteville Street, Suite 1800 (27601)
　　　　　　　　　　　　　　　　　　　　Post Office Box 1151
　　　　　　　　　　　　　　　　　　　　Raleigh, North Carolina　27602-1151
　　　　　　　　　　　　　　　　　　　　Telephone:　(919) 821-4711
　　　　　　　　　　　　　　　　　　　　Fax:　(919) 829-1583
　　　　　　　　　　　　　　　　　　　　E-mail:　dstagner@tharringtonsmith.com
　　　　　　　　　　　　　　　　　　　　　　　　　mmichaud@tharringtonsmith.com

17

Case 4:16-cv-00271-D   Document 40   Filed 03/06/17   Page 17 of 17