IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:16-CV-00271-D

| | |
|---|---|
| K.B and L.B., | ) |
|     Plaintiffs, | ) **MEMORANDUM OF LAW** |
| | ) **IN SUPPORT OF** |
| v. | ) **DEFENDANT FARRELLY'S** |
| | ) **MOTION TO DISMISS** |
| EDGECOMBE COUNTY PUBLIC SCHOOL | ) **L.R. 7.1(e), 7.2** |
| BOARD OF EDUCATION, et al. | ) |
| | ) |
|     Defendants. | ) |

Defendant Superintendent John Farrelly ("Superintendent Farrelly"), by and through counsel and pursuant to Local Civil Rules 7.1(e), 7.2, E.D.N.C., submits this Memorandum of Law in support of his Motion to Dismiss Plaintiffs' Second Amended Complaint. For the following reasons, Superintendent Farrelly respectfully requests that the Court dismiss all of Plaintiffs' claims against him with prejudice.

## STATEMENT OF THE CASE

Plaintiffs K.B. and L.B. filed a lawsuit against Defendant Edgecombe County Board of Education ("Board"), Superintendent John Farrelly and several other Board employees on November 1, 2016. (DE 1) Plaintiffs amended their complaint prior to service on January 19, 2017. (DE 10) Plaintiffs served the Board and Superintendent Farrelly with the Amended Complaint on January 23, 2017, and they timely filed a Motion to Dismiss the Amended Complaint on March 6, 2017. (DE 37, 39) The remaining defendants filed a Motion to Dismiss on March 27, 2017. (DE 45) On May 17, 2017, Plaintiffs filed their response (DE 54) and moved for leave to amend the complaint a second time. (DE 55) Superintendent Farrelly timely replied May 31, 2017 (DE 59) and opposed Plaintiffs' Motion For Leave to Amend Complaint on June 7, 2017. (DE 60) The remaining defendants also opposed Plaintiffs' Motion for Leave to Amend Complaint. (DE 61) On August 14, 2017, the Court allowed Plaintiffs' Motion for Leave to Amend and denied all of the defendants' pending motions to dismiss as moot on

August 14, 2017.  (DE 62)  Plaintiffs filed their Second Amended Complaint ("SAC") on August 18, 2017, with a corrected version on August 21, 2017.  The Board and Superintendent Farrelly timely filed a Motion to Dismiss the Second Amended Complaint on September 15, 2017.  (DE 67, 69)

**STATEMENT OF FACTS AS ALLEGED IN SECOND AMENDED COMPLAINT**

Superintendent Farrelly incorporates by reference the Statement of Facts set forth in the Board's Memorandum in Support of its Motion to Dismiss Second Amended Complaint (herein "Board's Memorandum").  (DE 68)  In addition to the factual recitation in the Board's Memorandum, the SAC provides the following specific allegations below pertaining to Superintendent Farrelly.

On May 26, 2016, K.B. submitted a grievance to Superintendent Farrelly pursuant to Board policy.  (SAC ¶ 157 (unless otherwise specified all paragraph references hereinafter are references to the SAC)).  K.B.'s grievance contested the application of the Code of Conduct to L.B.'s behavior on the field trip, argued a different offense was applicable, disagreed with the length of L.B.'s suspension, complained of the effect the suspension had on L.B.'s ability to serve as Chief Junior Marshal, and complained of the supervision on the field trip.  (Am. Compl. Ex. 17 (DE 10-17))  At the June1 conference for K.B.'s grievance, Superintendent Farrelly allegedly stated he had "'no patience' for 'parents who do not know how to file a grievance' and 'teachers who do not do their jobs,'" "intimating" that K.B. fell into these categories.  (¶ 161)  K.B. further alleges that she "raised the issue of discriminatory treatment" of L.B. and that Superintendent Farrelly allegedly stated L.B. received a "light sentence."  (¶¶ 170-171)  During the conference in response to K.B.'s question regarding the removal of L.B.'s name from a presentation, Superintendent Farrelly allegedly "stated that other students did not want to associate themselves with L.B." (¶ 172)

After submitting the grievance, K.B. alleges that Superintendent Farrelly "began making an unprecedented number of visits" to the school where she worked and that during these visits he "would walk down the hall" where her "classroom is located, stop outside her classroom, look inside, and then continue walking" which had the effect of intimidating her.  (¶¶ 173-174)  On June 6, Superintendent Farrelly issued a written decision pursuant to Board policy in which he denied K.B.'s grievance.  (¶ 175)

Plaintiffs, however, allege that Superintendent Farrelly did not adhere to the grievance review procedure. (¶¶ 162-164) Also on June 6, Superintendent Farrelly allegedly rescinded L.B.'s nomination to Governor's School "in bad faith." (¶ 176; Am. Compl. Ex. 10[1] (DE 10-10))

Plaintiffs allege that Superintendent Farrelly is charged with Title IX compliance but that he did not develop or implement any Title IX training plan, that he did not properly review K.B.'s complaint and that he "fail[ed] to act in response to information presented to him by Plaintiff K.B." (¶¶ 140, 165-168) Plaintiffs allege "Defendant Superintendent did not conduct any further investigation into the sexual activity or sexual harassment." (¶ 169) Plaintiffs allege of Superintendent Farrelly and the other individual defendants that "[t]he acts and omissions described in this Complaint [sic] were committed by these public school employees in the scope and course of the employees' duties as public school employees" (¶ 30)

**STANDARD OF REVIEW**

Superintendent Farrelly incorporates by reference the Standard of Review set forth in the Board's Memorandum regarding the applicable standard of review under Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure. (DE 68)

**ARGUMENT**

**I.  Plaintiffs' official capacity claims alleged against Superintendent Farrelly should be dismissed as duplicative of claims against the Edgecombe County Board of Education.**

Although Plaintiffs have captioned their claims against Superintendent Farrelly as being in his "individual and official capacity," it appears that Plaintiffs have removed all official capacity claims against Superintendent Farrelly because all of their specific counts refer to Superintendent Farrelly in his "individual capacity." To the extent Plaintiffs attempt to plead any official capacity claim against

---

[1] Although Plaintiffs have removed from the SAC all of the exhibits that were included in their Complaint and Amended Complaint, the Court may still consider these exhibits because their contents are referred to in the SAC and are central to Plaintiffs' claims. *See N.C. Motorcoach Ass'n v. Guilford Cty. Bd. of Educ.*, 315 F. Supp. 2d 784, n. 2 (M.D.N.C. 2004). In the instance of Exhibit 10, the SAC describes the contents of the recusal form in Paragraph 189. This form is the only alleged communication between Mr. Winton and Superintendent Farrelly and is integral to Plaintiffs claims that Superintendent defamed L.B. Given its centrality to these allegations, the Court may consider the contents of the document to determine if it supports such a defamation claim.

Superintendent Farrelly, such official capacity claims should be dismissed as duplicative. Courts have repeatedly held that official-capacity suits are redundant because they are merely another way of pleading an action against an entity of which an officer is an agent. *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."); *Huggins v. Prince George's Cty., Md.*, 683 F.3d 525, 532 (4th Cir. 2012) (describing county as "sole defendant" for claim where the individual defendants had been named in their official capacity for the claim). "Suing a governmental employee in his 'official' capacity is simply another way of pleading an action against the governmental entity." *Davis v. Durham Mental Health Developmental Disabilities Substance Abuse Area Auth.*, 320 F. Supp. 2d 378, 399 (M.D.N.C. 2004) (dismissing official capacity claims against individual defendants where the governmental entity was also sued). Because Plaintiffs have brought identical claims against both Superintendent Farrelly in his official capacity and the Edgecombe County Board of Education, Plaintiffs' claims against Superintendent Farrelly in his official capacity should dismissed as redundant of their claims against the Board in this action.

**II.    Plaintiffs' Title IX claim against Superintendent Farrelly in his individual capacity in Counts I-III should be dismissed for failure to state a claim.**

Plaintiffs' Title IX claims against Superintendent Farrelly in his individual capacity should dismissed because Title IX claims only lie against an institution. "Title IX was enacted pursuant to Congress' spending power and prohibits discriminatory acts by *funding recipients*. Because school officials are not funding recipients under Title IX, school officials may not be sued in their individual capacities under Title IX." *Jennings v. Univ. of N. Carolina, at Chapel Hill*, 444 F.3d 255, 268 n. 9 (4th Cir. 2006), as amended on reh'g (June 8, 2006), on reh'g en banc sub nom. *Jennings v. Univ. of N. Carolina*, 482 F.3d 686 (4th Cir. 2007) (affirming procedural rulings). *See also Cox v. Sugg*, 484 F.3d 1062, 1066 (8th Cir. 2007) (holding a school official may not be sued in his individual capacity pursuant to Title IX.) Because Superintendent Farrelly is a school official rather than funding recipient, Plaintiffs' Title IX claims against him in his individual capacity must be dismissed.

**III.    Plaintiffs' 42 U.S.C. § 1983 claim against Superintendent Farrelly in his individual capacity in Count IV should be dismissed for failure to state a claim.**

4

Plaintiffs' Section 1983 claim alleges that Superintendent Farrelly and other defendants violated L.B.'s right to equal protection and procedural due process. Superintendent Farrelly incorporates by reference the Argument (Part III) in the Board's Memorandum. (DE 68) Specifically, like the Board, Plaintiffs' procedural due process claim against him should be dismissed for failure to state claim because Plaintiffs have failed to allege facts that would show a deprivation of a protected property interest without adequate review. In addition, as discussed below, Plaintiffs' equal protection claim alleged against Superintendent Farrelly must be dismissed because the SAC is devoid of any factual allegations specific to how Superintendent Farrelly allegedly treated L.B. differently on the basis of sex or that would make him liable as a supervisor for a subordinate's conduct.

> A. *Plaintiffs have failed to allege facts that would support a direct liability claim under Section 1983 against Superintendent Farrelly.*

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face in the sense that the complaint's factual allegations must allow a court to draw the reasonable inference that the *defendant* is liable for the misconduct alleged." *McCleary-Evans v. Maryland Dept. of Transp.*, 780 F.3d 582, 585 (4th Cir. 2015) (internal quotes omitted; emphasis added). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (holding that for a Section 1983 claim, "a plaintiff must plead that each . . . defendant, through the official's own individual actions, has violated the Constitution"). "In order for an individual to be liable under §1983, it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) (internal quotation omitted). "'Under direct liability, plaintiff must show the supervisor breached a duty to plaintiff which was the proximate cause of the injury.'" *Spell v. McDaniel*, 591 F. Supp. 1090, 1110 (E.D.N.C. 1984) (quoting *McClelland v. Facteau*, 610 F.2d 693, 695 (10th Cir.1979)).

Here, the allegations underlying Plaintiffs' equal protection claim pertain to the investigation and discipline arising from L.B.'s sexual activity on a field trip. However, there is no allegation that Superintendent Farrelly was involved in the investigation of the incident or in making the decision to

5

suspend L.B. and, as a result, there is no allegation to support that his conduct was the proximate cause of any alleged harm. Moreover, while the SAC alleges that Superintendent Farrelly failed to train and supervise employees, such conduct, even if proven, would not be sufficient to support a claim against him. *See Temkin v. Frederick Cty. Comm'rs*, 945 F.2d 716, 724 (4th Cir. 1991) ("A claim of inadequate training under section 1983 cannot be made out against a supervisory authority absent a finding of a constitutional violation on the part of the person being supervised."). As a result, Plaintiffs have failed to allege a claim against Superintendent Farrelly under Section 1983 on a theory of direct liability.

> B. *Plaintiffs have failed to allege facts that would support a claim of supervisory liability under Section 1983 against Superintendent Farrelly.*

To the extent that Plaintiffs attempt to make a claim of supervisory liability against Superintendent Farrelly under Section 1983, supervisory liability "ultimately is determined 'by pinpointing the persons in the decisionmaking chain whose deliberate indifference permitted the constitutional abuses to continue unchecked.'" *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994) (citing *Slakin v. Porter*, 737 F.2d 368, 376 (4th Cir. 1984)). The Fourth Circuit has identified the following as necessary elements in a supervisory liability claims:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Id.* at 799 (internal quotations omitted). In order to establish the first element involving "pervasive and unreasonable risk of constitutional injury," a plaintiff must show "the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm of constitutional injury." *Id.*

The SAC fails to state a claim for supervisory liability under Section 1983. Here, the SAC's allegations belie any plausible claim that Superintendent Farrelly was deliberately indifferent to Plaintiffs' complaints. While K.B. disagreed with the outcome of his review, the SAC contains allegations that if proven would show Superintendent Farrelly met with K.B. to review her concerns and provided a written

6

response in accordance with the Board's grievance policy. Plaintiffs had not alleged that Superintendent Farrelly had any prior notice of K.B.'s complaint before she submitted her written grievance. Given Superintendent Farrelly's response upon receipt of K.B.'s complaint, Plaintiffs fail to allege a plausible claim of deliberate indifference. Moreover, the SAC lacks allegations showing "widespread" conduct. Rather, the SAC focuses on one underlying incident of sexual conduct and the investigation and response by staff to the incident. *Cf. Mandsager v. University of N. Carolina at Greensboro*, 269 F. Supp. 662, 679 (allowing supervisory liability claim to proceed where plaintiff had alleged reporting unwelcome conduct to defendant on "numerous occasions"). Because the SAC is devoid of the necessary allegations required to support a claim against Superintendent Farrelly of supervisory liability under Section 1983, this claim should be dismissed.

## IV. Plaintiff K.B.'s Whistleblower Act claim against Superintendent Farrelly in his individual capacity in Count VI [sic] should be dismissed for failure to state a claim.

Superintendent Farrelly incorporates by reference the Argument (Part IV) in the Board's Memorandum (DE 68) that Plaintiff K.B.'s Whistleblower Act claim against him should be dismissed for failure to state claim.

## V. Plaintiffs' tort claims against Superintendent Farrelly in his individual capacity in Counts VII-XI [sic] should be dismissed because of public official immunity, quasi-judicial immunity, and failure to state a claim.

### A. Plaintiffs' negligence-based claims against Superintendent Farrelly in his individual capacity in Count VII-VIII [sic] should be dismissed because Superintendent Farrelly is entitled to public official immunity from such claims.

Superintendent Farrelly is entitled to the complete defense of public official immunity regarding Plaintiffs' negligence, negligent supervision/retention, and negligent infliction of emotional distress claims. "A public official is someone whose position is created by 'the constitution or statutes of the sovereignty' and who executes some portion of the sovereign power and discretion." *Dempsey v. Halford*, 183 N.C. App. 637, 640, 645 S.E.2d 201, 204 (2007) (quoting *State v. Hord*, 264 N.C. 149, 155, 141 S.E.2d 241, 245 (1965)). "[A] public official, engaged in the performance of governmental duties involving the exercise of judgment and discretion, may not be held personally liable for mere negligence

7

in respect thereto." *Smith v. Hefner*, 235 N.C. 1, 7, 68 S.E.2d 783, 787 (1952). "As long as a public officer lawfully exercises the judgment and discretion with which he is invested by virtue of his office, keeps within the scope of his official authority, and acts without malice or corruption, he is protected from liability." *Smith v. State*, 289 N.C. 303, 331, 222 S.E.2d 412, 430 (1976). To maintain a claim against a public officer, a plaintiff must allege in the complaint that the actions of the defendant official were "corrupt, malicious, outside of and beyond the scope of his duties, in bad faith, or willful and deliberate." *Reid v. Roberts*, 112 N.C. App. 222, 225, 435 S.E.2d 116, 120 (1993) (omitting internal citations). Where the defense of public official immunity is asserted and the complaint lacks allegations to overcome such immunity, dismissal of the claims against the public officer at the motion to dismiss stage is appropriate. *See Farrell v. Transylvania Cty. Bd. of Educ.*, 175 N.C. App. 689, 697, 625 S.E.2d 128, 134 (2006).

As Superintendent of the Edgecombe County Public Schools at the time of the alleged claims, Superintendent Farrelly is a "public official" protected by public official immunity for alleged negligence-based claims. North Carolina courts have "recognized that school officials such as *superintendents* and principals perform discretionary acts requiring personal deliberation, decision, and judgment," making them subject to the doctrine of public official immunity. *Farrell*, 175 N.C. App. at 695, 625 S.E.2d at 133 (emphasis added). *See also Webb ex rel. Bumgarner v. Nicholson*, 178 N.C. App. 362, 366-67, 634 N.C. App. 545, 548 (2006) (holding governmental immunity barred claim against principal from personal liability for negligence); *See Gunter v. Anders*, 114 N.C. App. 61, 68, 441 S.E.2d 167, 171 (1994), *on reh'g*, 115 N.C. App. 331, 444 S.E.2d 685 (1994), *disc. review denied*, 339 N.C. 611, 454 S.E.2d 250 (1995) (upholding dismissal of claim against principal on basis of governmental immunity). Superintendent Farrelly's alleged acts of which Plaintiffs complain—training of staff (¶¶ 292, 294), development of regulations (¶ 297), supervision of staff (¶ 286, 296), oversight of discipline, and resolution of grievances (¶¶ 161-164)—are all acts requiring "personal deliberation, decision, and judgment" for which Superintendent Farrelly has public official immunity.

8

In addition, the SAC does not include allegations that would overcome Superintendent Farrelly's public official immunity from Plaintiffs' negligence-based claims. At most, Plaintiffs have alleged that Superintendent Farrelly made comments that intimated he was criticizing K.B., that L.B. received a "light sentence," and that he made "repeated and unprecedented" visits to the school where K.B. worked during which he walked by and looked into her classroom. (¶¶ 171-174) Although the SAC alleges these actions were done in a "malicious" manner, the alleged underlying conduct, even if true, is neither willful, wanton, nor malicious. *See Farrell*, 175 N.C. App. at 696, 625 S.E.2d at 134 (holding that a complaint must contain more than a conclusory allegation that a public official acted willfully and wantonly to withstand a Rule 12(b)(6) motion to dismiss). Moreover, the SAC asserts that Superintendent Farrelly was acting "within the course of [his] duties at all relevant times" further defeating any individual capacity claim. *See Collum v. Charlotte-Mecklenburg Bd. of Educ.*, No. 3:07CV534-RJC-DSC, 2010 WL 702462, at *11 (W.D.N.C. Feb. 23, 2010) (dismissing claims against principals on public official immunity grounds and noting that plaintiff alleged that the principals were acting within the scope of their employment at all relevant times). Because Plaintiffs have failed to allege any facts to support a plausible conclusion that Superintendent Farrelly acted corruptly, maliciously, willfully or wantonly, Plaintiffs' individual capacity claims for negligence, negligent supervision/training, and negligent infliction of emotional distress against Superintendent Farrelly must be dismissed.

> B. Plaintiffs' intentional tort claims against Superintendent Farrelly in his individual capacity in Counts IX, X, and XI [sic] should be dismissed for failure to state a claim.
>
>> 1. Plaintiffs' IIED claim in Count IX against Superintendent Farrelly in his individual capacity must be dismissed for failure to state a claim.

"To state a plausible claim for intentional infliction of emotional distress, a plaintiff must show (1) extreme and outrageous conduct by the defendant (2) which was intended to and does in fact (3) cause severe emotional distress." *Payne v. Whole Foods Mkt. Grp., Inc.*, 812 F. Supp. 2d 705, 709 (E.D.N.C. 2011), *aff'd*, 471 F. App'x 186 (4th Cir. 2012) (citing *Waddle v. Sparks*, 331 N.C. 73, 414 S.E.2d 22, 27 (1992)). "Conduct is extreme and outrageous if it is 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly

9

intolerable in a civilized community.'" *Id.* (quoting *Smith–Price v. Charter Behavioral Health Sys.*, 164 N.C. App. 349, 595 S.E.2d 778, 782 (2004)).

Here, the allegations in Count IX do not identify any individual act by Superintendent Farrelly in support of Plaintiffs' intentional infliction of emotional distress claim. At most, Plaintiffs have alleged Superintendent Farrelly made comments that were critical of K.B. or indicated L.B. did not receive a harsh punishment, and such comments, even if true, would not amount to extreme and outrageous conduct. *See Payne*, 812 F. Supp. 2d at 709-10 (holding allegations of "unprofessional, at times even rude or contemptible" conduct and "ostracism, targeted criticism, false and anonymous accusation" did not support a plausible IIED claim). Because the SAC fails to allege any facts that would support a plausible claim that Superintendent Farrelly engaged in extreme and outrageous conduct or recklessly caused severe emotional distress, Plaintiffs' intentional infliction of emotional distress claim against him must be dismissed for failure to state a claim.

> 2. *Plaintiffs' defamation and libel per se claims in Count X-XI [sic] against Superintendent Farrelly in his individual capacity must be dismissed for failure to state a claim.*

"In order to recover for defamation in North Carolina, a plaintiff must show that the defendant (1) made false, defamatory statements of or concerning the plaintiff, which were (2) published to a third person, (3) causing injury to the plaintiff's reputation." *Lanier Const. Co. v. City of Clinton, N.C.*, 812 F. Supp. 2d 696, 700 (E.D.N.C. 2011) (citing *Boyce & Isley, PLLC v. Cooper*, 211 N.C. App. 469, 710 S.E.2d 309, 317 (2011)). To state a claim for libel *per se*, a plaintiff must allege facts that would show "publication, expressed in writing or printing, or by signs and pictures which when considered alone without innuendo tends to subject one to ridicule, public hatred, contempt or disgrace, or tends to impeach one in his trade or profession." *Arnold v. Sharpe*, 296 N.C. 533, 537, 251 S.E.2d 452, 455 (1979). *See also Al-Deen v. Trustees of Univ. of N. Carolina, Wilmington*, 102 F. Supp. 3d 758, 768 (E.D.N.C. 2015) (emphasizing "[i]n order to be considered libelous *per se*, the defamatory statements at issue 'must be susceptible of but one meaning and of such nature that the court can presume as a matter of law that they tend to disgrace and degrade the party or hold him up to public hatred, contempt, or ridicule, or cause him

10

to be shunned and avoided'" (quoting *Flake v. Greensboro News Co.*, 212 N.C. 780, 195 S.E. 55, 60 (1938)).

However, a privileged statement cannot be the basis for a defamation or libel *per se* claim. "Statements made in the course of a quasi-judicial proceeding are entitled to absolute privilege." *Lanier Const. Co.*, 812 F. Supp. 2d at 701. "Quasi-judicial proceedings include the actions of public administrative officers when they 'investigate facts, or ascertain the existence of facts, and draw conclusions from them, as the basis for their official action, and to exercise discretion of a judicial nature.'" *Id.* (quoting *Angel v. Ward*, 43 N.C. App. 288, 258 S.E.2d 788, 792 (1979)). Courts have dismissed defamation claims pursuant to Rule 12(b)(6) in circumstances where there was no factual dispute that the statements at issue were privileged. *Id.* (dismissing defamation claim on grounds of absolute privilege where statements at issue were made in bid evaluation process). In addition, the North Carolina Supreme Court has opined that dismissal of a libel claim against a public official in his or her individual capacity is appropriate where the statement at issue was one alleged to have been made by the public official in order to comply with his or her statutory obligations. *White v. Trew*, 366 N.C. 360, 365-66, 736 S.E.2d 166, 170 (2013) ("It cannot be the case that, when state employees have statutory rights and obligations regarding the maintenance of employee records, communication in conformity with those rights and obligations constitutes publication for a libel suit."). *See also Mitchell v. Pruden*, 796 S.E.2d 77 (N.C. App. Jan. 17, 2017) (dismissing libel suit against superintendent regarding statements made in the discharge of his duties).

Here, Plaintiffs have alleged that all of Superintendent Farrelly's actions occurred in the "scope and course of [his] duties as [a] public school employee[]." (¶ 30.) *See Mitchell*, 796 S.E.2d at 83 (concluding dismissal of libel claim against superintendent was appropriate where the alleged defamatory statements occurred in the discharge of his duties as superintendent). Even if a closer look at Plaintiffs' allegations were warranted, the factual allegations if proven would show that all of Superintendent Farrelly's alleged statements were privileged statements made in the course of executing his responsibilities.

11

The SAC fails to identify any non-privileged statement to support a defamation claim. The sole defamation allegation against Superintendent Farrelly is that he allegedly published a false statement "that L.B. was guilty of committing sexual harassment" to Tom Winton, the Governor's School Coordinator. (¶ 331.) However, in the underlying factual allegations, the SAC does not identify any specific statement that was made by Superintendent Farrelly to Mr. Winton accusing L.B. of "sexual harassment." (¶ 186-189.) Rather, the only factual allegation pertaining to Superintendent Farrelly's communication with Mr. Winton is that he signed the Governor's School recusal form. (¶ 189). However, the recusal form does not have any statement that L.B. engaged in "sexual harassment," and the form is required to be completed by the superintendent, further underscoring that such an act was completed in the course of Superintendent Farrelly's duties. (Am. Compl. Ex. 10 (DE 10-10)) Because the only alleged communication by Superintendent Farrelly to Mr. Winton was through a form that Superintendent Farrelly had the responsibility for executing in his role as superintendent, any such communication is privileged and cannot be the basis for a defamation claim.

Similarly, the SAC fails to identify any non-privileged statement to support a libel per se claim. Plaintiffs' allegations in Count XI do not identify any actionable individual act by Superintendent Farrelly in support of their libel *per se* claim. Rather, Plaintiffs' libel *per se* claim rests upon alleged publication to "Plaintiff K.B.; Tom Winton, Governor's School Coordinator at the Department of Public Instruction; and Leigh Ann Webb, SWE faculty member, ECPS' Leadership Academy Coordinator and the NC Department of Public Instruction" that L.B. engaged in "sexual harassment." (¶¶ 356) However, as discussed above, Superintendent Farrelly's only alleged communication to Mr. Winton did not contain any reference to "sexual harassment." (*See* Am. Compl. Ex. 10 (DE 10-10)) In addition, the alleged communication to Ms. Webb was "to omit L.B.'s name from the project presentation" on May 31, 2016, and the SAC fails to identify to whom this comment is attributed. (¶160) Additionally, beyond the allegations involving communication with Mr. Winton discussed above, the SAC does not identify any other alleged false communications by Superintendent Farrelly to the Department of Public Instruction.

12

Instead, the only alleged "publication" by Superintendent Farrelly was his grievance decision sent to K.B., which was a process initiated by K.B. and which required components include an investigation and response by a school official. (Am. Compl. Exs. 9, 17, 18) Any such statement by Superintendent Farrelly in the grievance process would be protected by absolute privilege because it was made in a quasi-judicial process and in accordance with his obligations as superintendent. *See* N.C. Gen. Stat. § 115C-45 (addressing the judicial functions of the board of education, which include a right to appeal to the superintendent when challenging a final administrative decision). *See also Mitchell*, 796 S.E.2d at 83. As the SAC lacks any allegations that Superintendent Farrelly made defamatory statements other than through the quasi-judicial grievance process, Plaintiffs' libel *per se* claims must be dismissed because any statements made by Superintendent Farrelly in the grievance process or in the discharge of his duties as superintendent are entitled to absolute privilege.

## CONCLUSION

For the foregoing reasons, Defendant Superintendent John Farrelly respectfully requests that this Court grant his Motion to Dismiss the Second Amended Complaint in its entirety, dismiss all individual and official capacity claims against him with prejudice, and grant such other relief as the Court deems just and proper.

This the 15th day of September 2017.

Respectfully submitted,

/s/ *Melissa J. Michaud*
Deborah R. Stagner (N.C. State Bar No. 24543)
Melissa J. Michaud (N.C. State Bar No. 39919)
THARRINGTON SMITH, L.L.P.
150 Fayetteville Street, Suite 1800 (27601)
Post Office Box 1151
Raleigh, North Carolina 27602-1151
Telephone: (919) 821-4711
Fax: (919) 829-1583
E-mail: dstagner@tharringtonsmith.com
mmichaud@tharringtonsmith.com
*Attorneys for Defendants Edgecombe Board of Education and John Farrelly*

**CERTIFICATE OF SERVICE**

    IT IS HEREBY CERTIFIED that a copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT FARRELLY'S MOTION TO DISMISS SECOND AMENDED COMPLAINT was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such to the following:

Stacey Gahagan
The Gahagan Law Firm, PLLC
3326 Durham Chapel Hill Blvd, Suite 210-C
Durham, NC 27707
stacey@gahaganlaw.com

Charles L. McLawhorn, Jr.
McLawhorn & Associates, PA
PO Box 8188
Greenville, NC 27835
cmclawhorn@mclawhornlaw.com
*Attorneys for Plaintiffs*

Donna Rascoe
CRANFILL SUMNER & HARTZOG, LLP
5420 Wade Park Boulevard, #300
Raleigh, NC 27607
drascoe@cshlaw.com
*Attorneys for Defendants Marc Whichard, Craig Harris, Bill Strother, Alaina Ritter, Alyssa Parrish-Stafford, Dara Harmon, Miles Stafford, and Rebecca Sugg*

    This the 15th day of September 2017.

                                        /s/ *Melissa J. Michaud*
                                        Deborah R. Stagner (N.C. State Bar No. 24543)
                                        Melissa J. Michaud (N.C. State Bar No. 39919)

                                        THARRINGTON SMITH, L.L.P.
                                        150 Fayetteville Street, Suite 1800 (27601)
                                        Post Office Box 1151
                                        Raleigh, North Carolina  27602-1151
                                        Telephone:  (919) 821-4711
                                        Fax:  (919) 829-1583
                                        E-mail:  dstagner@tharringtonsmith.com
                                                       mmichaud@tharringtonsmith.com
                                        *Attorneys for Defendants Edgecombe Board of Education and John Farrelly*