IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:16-CV-271-D

| | |
|---|---|
| **Kimberly Biggs & L.B.**, <br><br> Plaintiffs, <br><br> v. <br><br> **Edgecombe County Public School Board of Education,** et al., <br><br> Defendants. | **Order** |

      Plaintiff L.B. has brought claims against the Edgecombe County Public School Board of Education and several of its employees arising out of disciplinary action taken against L.B. for her sexual activities with male students while on a field trip. D.E. 94. The parties have both moved for summary judgment and filed thousands of pages of documents in support of their motions.

      The Board has asked the court to strike from the record various documents L.B. submitted in support of her motion for summary judgment. It provides three reasons why the court should strike the documents. First, it argues that the court should strike portions of L.B.'s summary judgment declaration that contain inadmissible evidence or conflict with her deposition testimony. Second, it maintains that the court should strike unsworn and unauthenticated documents that L.B. submitted in support of her motion. And third, it claims that it is appropriate for the court to strike documents that L.B. submitted in support of her motion for summary judgment but did not disclose in discovery. L.B. opposes the motion to strike. D.E. 187.

      The Federal Rules of Civil Procedure allow parties to submit various documents in support of a motion for summary judgment. *See* Fed. R. Civ. P. 56(c)(1). If a party chooses to submit an affidavit or declaration in support of their motion, the document must be "made on personal

knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." *Id.* 56(c)(4). And the rules allow a party to "object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." *Id.* 56(c)(2). Once a party objects, the party offering the evidence bears the burden to "show that the material is admissible as presented or to explain the admissible form that is anticipated." *Id.* 56 (2010 Advisory Committee Notes).

I. **Challenges to Statements in L.B.'s Declaration**

The Board first contends that portions of L.B.'s declaration are inadmissible because it includes inadmissible hearsay, assertions that are not based on personal knowledge, and contradictions and inconsistencies with her own prior deposition testimony. *See* D.E. 132–7 at ¶¶ 20, 27, 30, 34, 43, 53, 56, 57.

A. **Statements that Allegedly Conflict with Prior Testimony**

The Board claims that language in paragraphs 27, 34, 43, 56, and 57 in L.B.'s affidavit conflict with her deposition testimony or other evidence. Ex. 1 to Board's Mot. to Strike, D.E. 149–1. Although a party may not create a genuine issue of material fact by presenting an affidavit that conflicts with their own prior statements, submitting an affidavit that presents a conflict does not, by itself, violate any of the provisions of Rule 56(c). Thus, the court will not strike these paragraphs from L.B.'s affidavit.

B. **Alleged Lack of Personal Knowledge by the Affiant**

The Board next challenges the paragraph in L.B's affidavit that states, "Without my consent or knowledge T.W. recorded B.O. and D.M. having sexual intercourse with me and distributed it via a social media application, Snapchat." D.E. 149–1 at 1. It claims that the affidavit

2

"[f]ails to demonstrate personal knowledge as indicated by '[w]ithout my consent or knowledge.'" *Id*.

L.B. no doubt has personal knowledge of whether she consented to being recorded while engaged in sexual activity. And it is equally certain that she has personal knowledge of whether she knew she was being recorded. It is undisputed that T.W. recorded the sexual encounter with L.B. *Compare* D.E. 128 ¶ 88 *with* D.E. 150 ¶ 88. And a review of the entire record shows that it was widely known that T.W. distributed the video on Snapchat. D.E. 132–53; 132–54; 150 ¶¶ 169 & 178. Thus, while the court would have preferred a more detailed statement, the court cannot say that L.B. lacked personal knowledge of this fact. This portion of the motion to strike is denied.

### C. Alleged Hearsay Statements

The Board's final challenge to L.B's affidavit involves two sentences that the Board claims are inadmissible hearsay. The first challenged sentence states, "Ms. Sugg never informed me of the existence or provided me with a copy of the written statements she collected regarding my presence in the sex video distributed by T.W." D.E. 132–7 ¶ 30 & 149–1 at 1. The Board claims that this statement is inadmissible "[h]earsay to the extent the declaration attempts to summarize the contents of the written statements." D.E. 149–1 at 1. This statement is not inadmissible hearsay because L.B. has not offered it for the truth of the matter in the written statement, but is offering it to show that Sugg did not inform her of or provider her with a copy of T.W.'s written statement. This portion of the motion to strike is denied.

The second challenged sentence states, "No one informed my mother or me that during the time of the appeal, Superintendent Farrelly had reviewed the field trip incidents and reprimanded my principal, Mr. Harris, for his delay in punishing me for engaging in sex on the trip and for his failure to provide well-qualified chaperones on the field trip." D.E. 132–7 & 149–1 at 2. The Board

contends that this statement is inadmissible "[h]earsay to the extent the declaration attempts to summarize the contents of Farrelly's letter." D.E. 149–1 at 2. Much like the Board's other hearsay challenge, this challenge fails because L.B. is not offering it for the truth of what is in Farrelly's letter, but is offering it to show what information L.B. and her mother had at the time of her appeal. This portion of the motion to strike is denied.

## II.  Challenge to Unsworn Statements

The Board seeks to strike two handwritten, unsworn witness statements (D.E. 132–61 and 132–63) by students about the events of the D.C. field trip and an email between Wichard and personnel at North Carolina's Governor's School. It claims these statements are unauthenticated and contain inadmissible hearsay.

Federal Rule 56 requires that evidence presented at the summary judgment stage of a proceeding is objectionable only if it "cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). As the Fourth Circuit has explained, this provision means that "[t]he court may consider materials that would themselves be admissible at trial, and the content or substance of otherwise inadmissible materials where the 'the party submitting the evidence show[s] that it will be possible to put the information . . . into an admissible form.'" *Humphreys & Partners Architects, L.P.* v. *Lessard Design, Inc.*, 790 F.3d 532, 538 (4th Cir. 2015), *as amended* (June 24, 2015) (quoting 11 James Wm. Moore et al., Moore's Federal Practice § 56.91[2] (3d ed. 2015). Here, it is possible to put the information in the statements into an admissible form by calling the individuals who wrote the statements and email as witnesses. And if the Board is concerned about the authenticity of the documents, the court notes that the student statements came from its own records and that the email's author has authenticated it elsewhere in the record. Thus, this portion of the motion to strike is denied.

**III.     Challenge to Exhibits Not Disclosed in Discovery**

Finally, the Board asks the court to strike exhibits that L.B. failed to disclose in discovery. D.E. 132–70, 132–71, 132–72, 132–73, 132–74, 132–75. Federal Rules 26 and 34 require parties to disclose relevant documents. Fed. R. Civ. P. 26, 34. And Rule 37(c) requires parties to disclose relevant information under Rule 26(a) and (e) and supplement earlier incomplete or incorrect responses. *Id.* 26, 37.

The Fourth Circuit has explained that "the district court has broad discretion in determining the appropriate sanction for a party's noncompliance with a discovery request." *Majestic Distilling Co., Inc.* v. *Stanley Stawski Distrib. Co.*, 205 F.3d 1333, 2000 WL 227919, *4 (4th Cir. 2000) (unpublished table decision); *see also Wilson* v. *Volkswagen of Am., Inc.*, 561 F.2d 494, 505 (4th Cir. 1977). But a court should not preclude evidence if a party's failure to disclose it was "substantially justified" or "harmless." Fed. R. Civ. P. 37(c)(1) (noting that a court may impose sanctions "in addition to or instead" of preclusion despite the nondisclosure's harm or justification); *S. States Rack & Fixture, Inc.* v. *Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003).

In making this determination, district courts consider five factors. To begin with, the court should consider, "the surprise to the party against whom the evidence would be offered[.]" *Id.* at 597. Then it should look to "the ability of that party to cure the surprise[.]" *Id.* Next it should ask about "the extent to which allowing the evidence would disrupt the trial[.]" After those factors the court should weigh "the importance of the evidence[.]" *Id.* And finally, the court should take into account "the nondisclosing party's explanation for its failure to disclose the evidence." *Id.*

L.B. maintains that her failure to produce this evidence during discovery was harmless. She points out that those exhibits consist of screenshots of publicly available websites and a

5

Facebook page. She identified these exhibits with full citations and hyperlinks in her Statement of Material Facts. Because Defendants generated these documents and have possession of them, L.B. contends that there is no surprise to Defendants.

L.B. alleges that these exhibits reflect Defendants' decisions to recognize male students involved in the field trip incident without similarly honoring her accomplishments. And L.B. asserts that the exhibits do not raise a new claim but instead bear out her argument that male students received more favorable treatment.

Finding L.B.'s reasoning persuasive. And given that the Defendants were aware or could easily learn about the information in these exhibits, the court finds that Fourth Circuit precedent counsels against excluding them. Thus, the court denies this portion of the motion to strike.

Dated: February 6, 2020

_____
Robert T. Numbers, II
United States Magistrate Judge