IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:16-CV-271-D

**Kimberly Biggs & L.B.**,

        Plaintiffs,

v.

**Edgecombe County Public School Board of Education,** et al.,

        Defendants.

**Order**

        This matter involves several motions filed by Plaintiff L.B. and Defendants Edgecombe County Public School Board of Education; its Superintendent, John Farrelly; and several individual defendants. The complaint brings several claims arising out of disciplinary action taken against L.B. arising out of a sexual encounter with male students while on a field trip. D.E. 94. The parties have requested that the court place a variety of documents related to the parties' summary judgment motions under seal, either in whole or in part. The court will deny the motions to seal without prejudice, allow the documents to remain under provisional seal, and require the party to submit a new motion to seal after the court resolves the summary judgment motions.

        Generally, the public has a right of access to judicial proceedings that stems from two sources: the common law and the First Amendment. *Rushford* v. *New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); *see also Press-Enter. Co.* v. *Super. Ct. of Cal.*, 464 U.S. 501, 508–09 (1984) (discussing the importance of an open trial as a means of both ensuring and giving the appearance of fairness in the judicial process). "While the common law presumption in favor of access attaches to all judicial records and documents, the First Amendment guarantee of access

has been extended only to particular judicial records and documents." *Stone* v. *Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988).

Under Fourth Circuit precedent, the First Amendment test applies to requests to seal documents submitted in support of summary judgment motions in civil cases. *See Rushford*, 846 F.2d at 252 (applying the First Amendment right of access standard to summary judgment filings and noting "summary judgment adjudicates substantive rights and serves as a substitute for a trial"). In order to limit access to documents submitted as part of a summary judgment motion requires the moving party seeking to show "that the denial [of access] serves an important governmental interest and that there is no less restrictive way to serve that governmental interest." *Rushford*, 846 F.2d at 253. Sometimes however, "private interests might also implicate higher values sufficient to override (or, in an alternative mode of analysis, to except the proceeding or materials at issue from) the First Amendment presumption of public access." *Level 3 Commc'ns, LLC* v. *Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 580 (E.D. Va. 2009). *See also Morris* v. *Cumberland Cty. Hosp. Sys., Inc.*, No. 5:12-CV-629-F, 2013 WL 6116861, at *3 (E.D.N.C. Nov. 13, 2013) ("In the past, this court and others have concluded that the need to keep confidential proprietary business information or trade secrets may constitute a "higher value" that can overcome both the common law and the First Amendment rights of access in appropriate circumstances.").

When a party requests to seal judicial records, a district court "must comply with certain substantive and procedural requirements." *Va. Dep't of State Police* v. *Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004). Procedurally, the district court must (1) give the public notice and a reasonable chance to challenge the request to seal; (2) "consider less drastic alternatives to sealing"; and (3) if it decides to seal, make specific findings and state the reasons for its decision to seal over the

alternatives. *Id.* "As to the substance, the district court first must determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake." *Id.*

Among the factors a court must consider when deciding whether to seal summary judgment-related documents is whether the court relied on a particular document in deciding the summary judgment motion. *See Qayumi* v. *Duke Univ.*, No. 1:16-CV-01038, 2018 WL 2025664, at *3 (M.D.N.C. May 1, 2018). As the summary judgment motions are still pending in this case, the court lacks the ability to assess this key factor. Thus, the court will deny the motions to seal without prejudice until such time as the court rules on the summary judgment motion.

Thus, it is ordered that:

1. The motions to seal (D.E. 133, 135, 141, 143, 153, 168, 170, 172, 180, 185, 190, 192, 198, 200) are denied without prejudice.

2. The documents that are provisionally sealed shall remain under seal until further order of this court.

3. Within 14 days of the entry of the order ruling on the motion for summary judgment, either party may file a renewed motion to seal the docket entries listed above.

   a. The moving party should only file one motion. The motion should contain a list of the docket entry or entries that the moving party seeks to have permanently sealed. If a party has filed a proposed redacted filing, the motion should note that as well.

   b. The supporting memoranda should specifically address why the summary judgment memoranda and any documents relied upon by the court in ruling on the summary judgment motion should remain under seal. The moving

party should also address why it is appropriate to keep any other documents referred to in the motion under seal.

      c.     Any other party may file a response within 14 days from the filing of the motion to seal.

      d.     If no motion to seal is filed, all of the documents currently under seal may be unsealed.

4.     The submission by the moving party should contain an appendix that lists all the documents (and their docket entry number) that the moving party wishes to place under seal or file with redactions.

5.     Defense counsel shall mail a copy of this order to the individuals referred to as D.M., B.O., and T.W. at their last known address. If they wish to be heard on whether documents referring to them should be placed under seal, they may file a statement with the court setting out their position no later than 28 days after the entry of the order resolving the summary judgment motions. Any statement must be signed by the person submitting it and it should reference this matter's case number (4:16-CV-00271-D). The statement may be filed in person at the Clerk of Court's office or submitted by mail to:

    Clerk of Court
    Eastern District of North Carolina
    310 New Bern Ave
    Raleigh, NC 27601

6.     Defense counsel shall notify D.M., B.O., and T.W. when the summary judgment order is entered and, if it is not placed under seal, provide them with a copy of the order.

7.     Any statements submitted by D.M., B.O., and T.W. shall be provisionally placed under seal.

8. Counsel may disclose information regarding the provisionally sealed documents (including the documents themselves) with D.M., B.O., or T.W. (or their legal counsel) should they desire to review them.

9. In the event the court grants a motion for summary judgment in a manner that disposes of this case in its entirety, the court will retain jurisdiction over this matter to resolve any motion to seal filed as a result of this order.

Dated: February 10, 2020

_____
Robert T. Numbers, II
United States Magistrate Judge